UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 11-10973

Honorable John Corbett O'Meara

v.

ANN C. SHARKEY,

        Defendant.

                                               /

**ORDER GRANTING DEFENDANT'S JUNE 21, 2011
MOTION TO SET ASIDE JUDGMENT OF DEFAULT**

      This matter came before the court on defendant Ann C. Sharkey's June 21, 2011 Motion to Set Aside Judgment of Default. The government filed a response June 28, 2011. No reply was filed, and no oral argument was heard.

      This is an action for collection of a student loan. The government filed this complaint March 11, 2011; and defendant Sharkey's answer was due April 6, 2011. Following Defendant's failure to file a timely answer to the complaint, the government filed a request for clerk's entry of default on April 11, 2011. The clerk's entry of default and entry of default judgment were entered the same day. Later that day, defendant Sharkey filed her answer to the complaint.

      In her motion to set aside judgment of default, defendant Sharkey explains that she was unable to file her answer electronically; instead, she mailed the answer to the clerk's office, and it was entered April 11, 2011. She argues that the government should have received her answer before it filed the request for clerk's entry of default.

      Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from final judgment; however, "[t]he motion shall be made within a reasonable time." In this case,

defendant Sharkey did not file a motion to set aside the April 11, 2011 default judgment until June 21, 2011, well over two months later–an amount of time that tests this court's determination of "reasonable." Since defaults are disfavored over a ruling on the merits of a case, however, the court will consider defendant Sharkey's motion.

In <u>United Coin Meter Co. v. Seaboard Coastline R.R.</u>, 705 F.2d 839,845 (6th Cir. 1983), the United States Court of Appeals for the Sixth Circuit determined that the following three factors should be considered in deciding a Rule 60(b) motion: 1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3)whether culpable conduct of the defendant led to the default.

In this case the government would not be prejudiced if the default judgment were set aside; it is alleged that the loan agreement was executed March 6, 1989. If defendant Sharkey is in default, the amount of interest continues to accrue. As for the second factor, defendant Sharkey has asserted that she had made at least partial payment of this student loan. If so, any payments would be a meritorious defense to the government's claim both on the loan itself as well as on any accrued interest. Finally, the defendant's conduct did not lead to the default. Although she was late filing an answer to the complaint, it appears from the docket sheet that her answer, the request for clerk's entry of default, and the default judgment were all entered the same day. Again, because the law disfavors a default over an adjudication on the merits of a claim, the court will grant Defendant's motion.

## **ORDER**

It is hereby **ORDERED** that defendant Sharkey's June 21, 2011 Motion to Set Aside Judgment of Default is **GRANTED.**

s/John Corbett O'Meara  
United States District Judge

Date:  July 28, 2011


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, July 28, 2011, using the ECF system and upon Defendant at 132 W. Nepessing Street, Lapeer, MI  48446 by first-class U.S. mail.

s/William Barkholz  
Case Manager